IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00398-BNB

TERRY RICHERT,

    Plaintiff,

v.

CAPTAIN JOHN DOE, FMCC,
CASE MANAGER M. TOWNSEN, FMCC,
PATRICIA MAHRE, Mesa County ADA,
JANE DOE, Mesa County ADA,
J. MELCHOIR #162, Mesa County Sheriff [sic] Dept., and
MATT MCCHESNEY, Mesa County Sheriff [sic] Dept.,
    in their individual and/or official capacity,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 27 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Terry Richert is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. He filed *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (2006), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. He also filed a motion titled "Petition to Add Claim III Within Ninety Days of Filing Claims I and II" and a motion for the appointment of counsel to represent him.

The Court must construe the complaint liberally because Mr. Richert is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Richert will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Richert's complaint is prolix. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See*

2

Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize his allegations. Mr. Richert's complaint arises from events that occurred when he was moved from the Four Mile Correctional Center in Cañon City, Colorado, to the Arrowhead Correctional Center in Crowley, Colorado. Mr. Richert alleges that the defendant Megan Townsen, his case manager at the Four Mile Correctional Center, and the defendant Captain John Doe transferred him to the Arrowhead Correctional Center knowing that he had issues with inmates incarcerated there. He further alleges that less than one hour after arriving at the Arrowhead Correctional Center he was attacked and severely beaten by two or three unknown inmates, resulting in a broken nose, the loss of a front tooth, and a deep cut under his left eye. He contends that as a result of the attack he has a facial scar, problems with his left eye, and anxiety attacks, headaches, and neck problems. On the basis of these allegations, he contends that his Eighth Amendment rights have been violated because the defendants failed to protect him from attack.

Rather than summarizing each claim succinctly, Mr. Richert cites to chronological events listed as one continuous claim. He apparently expects the Court to piece together his claims and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Richert's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Richert must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Richert fails to allege any DOC policy or custom and a direct causal link between the policy or custom and the injuries alleged. ***See Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 690 (1978); ***see also Wall v. Dion***, 257 F. Supp.2d 316, 319-20 (D. Maine 2003). In the amended complaint he will be directed to file, Mr. Richert also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Richert may use fictitious names, such as "John Doe" and "Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Richert uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

that Mr. Richert should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Richert is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Richert should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Richert file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Richert, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Richert submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Richert fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice. It is

ORDERED that the motion titled "Petition to Add Claim III Within Ninety Days of Filing Claims I and II" is denied. It is

FURTHER ORDERED that the motion for the appointment of counsel is denied as premature.

DATED at Denver, Colorado, this 26th day of March, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00398-BNB

Terry Richert
Prisoner No. 105847
Sterling Correctional Facility
PO Box 6000 - LU 32
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 3/27/07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk