IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 0 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00398-BNB

TERRY RICHERT #105847,

      Plaintiff,

v.

CAPTAIN JOHN DOE, FMCC,
CASE MANAGER M. TOWNSEN, FMCC,
PATRICIA MAHRE, Mesa County A.D.A.,
JANE DOE, Mesa County A.D.A.,
JOHN OR JANE DOE, Mesa County Sheriffs Dept.,
J. MELCHOIR #162, Mesa County Sheriffs Dept., and
MATT MCCHESNEY, Mesa County Sheriffs Dept.,
in their individual and/or official capacity,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Terry Richert is a prisoner in the custody of the Colorado Department of

Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, minimum

center. He filed *pro se* a civil rights complaint. On March 27, 2007, Magistrate Judge

Craig B. Shaffer ordered Mr. Richert to file within thirty days an amended complaint that

complied with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure, that sued the proper parties, and that alleged each Defendant's personal

participation in the asserted constitutional violations. On June 7, 2007, after being

granted extensions of time, Mr. Richert filed an amended complaint pursuant to 42

U.S.C. § 1983 (2006), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. Mr. Richert has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006).

The Court must construe the amended complaint liberally because Mr. Richert is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed in part.

Mr. Richert asserts three claims. As his first claim, he alleges that on July 25, 2005, Defendants Megan Townsen, his case manager, and Captain John Doe, acting shift commander at the Four Mile Correctional Center in Cañon City, Colorado, moved him from the Four Mile Correctional Center to the Arrowhead Correctional Facility, knowing that he had issues with and had a high likelihood of being injured by other inmates there. He further alleges that less than one hour after arriving at the Arrowhead Correctional Center he was attacked and severely beaten by two or three unknown inmates, resulting in a broken nose, the loss of a front tooth, and a deep cut under his left eye. He contends that as a result of the attack he has a facial scar, problems with his left eye, anxiety attacks, headaches, and neck problems. He

contends that the prison documented but did not treat his injuries. On the basis of these allegations, he contends that his Eighth Amendment rights have been violated because the defendants failed to protect him from attack. The Eighth Amendment claims asserted against Ms. Townsen and Captain Doe, acting shift commander at the Four Mile Correctional Center in Cañon City, will be drawn to a district judge and to a magistrate judge.

Mr. Richert's second and third claims concern his disagreement with the disposition of ***Richert v. Turner***, Civil Action No. 04 CV 448, which he filed in Mesa County, Colorado, district court and moved to dismiss on January 20, 2005, as well as with other state court proceedings, including those concerning the violation of a protective order. It is not clear whether Mr. Richert is incarcerated as a result of these state proceedings or whether he is asking the Court to review the state court decisions pertinent to these proceedings. For his second and third claims, he is suing Defendants Patricia Mahre and Jane Doe, Mesa County assistant district attorneys, and John or Jane Doe, J. Melchoir, and Matt McChesney with the Mesa County Sheriff's Department.

To the extent Mr. Richert is asking this Court to review the state court decisions, assuming that the state court proceedings have reached the end of the state courts' appeal process, *see **Chapman v. Oklahoma***, 472 F.3d 747, 749 (10th Cir. 2006), the claims against the Mesa County assistant district attorneys and sheriffs must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine.

3

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.* , 263 U.S. 413, 415-16 (1923).  The losing party in a state court proceeding generally is "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257 (2006). *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

*Rooker-Feldman* bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16.  If adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from the judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts."

4

*Jordahl*, 122 F.3d at 199.  Finally, the *Rooker-Feldman* doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders.  *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

Even if Mr. Richert's state court proceedings have not reached the end of the state courts' appeal process, the Court must abstain from exercising jurisdiction over the claims asserted against the Mesa County assistant district attorneys and sheriffs pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  *See Chapman*, 472 F.3d at 749.  Accordingly, it is

ORDERED that the Eighth Amendment claims asserted against Defendants Megan Townsen and Captain John Doe, acting shift commander at the Four Mile Correctional Center, and the case are drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that the claims against Defendants Patricia Mahre and Jane Doe, Mesa County assistant district attorneys, and John or Jane Doe, J. Melchoir, and Matt McChesney with the Mesa County Sheriff's Department are dismissed for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Defendants Patricia Mahre and Jane Doe, Mesa County assistant district attorneys, and John or Jane Doe, J. Melchoir, and Matt McChesney with the Mesa County Sheriff's Department, as parties to this action.  The only remaining Defendants are Megan

Townsen and Captain John Doe, acting shift commander at the Four Mile Correctional

Center.

DATED at Denver, Colorado, this 6 day of _____ July _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00398-BNB

Terry Richert
Prisoner No. 105847
Buena Vista Corr. Complex - Minimum
PO Box 2005
Buena Vista, CO 81211

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___7/10/07___

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk