IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00398-BNB-CBS

TERRY RICHERT #105847,

    Plaintiff,

v.

CAPTAIN JOHN DOE, FMCC,
CASE MANAGER M. TOWNSEN, FMCC,
in their individual and/or official capacity,

    Defendants.

_____

### ORDER
_____

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.  Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  Plaintiff has been instructed to make such payments or to show cause why he cannot.  Order [Doc. #2, filed 2/27/2007].  Plaintiff was instructed that in order to show cause he "must file a current <u>certified</u> copy of his trust fund account statement."  Id. at p.2 (emphasis added).

The plaintiff has failed to comply with this requirement, and the case is DISMISSED WITHOUT PREJUDICE as a result.

### BACKGROUND

On July 18, 2007, plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the

monthly payments for April, May, and June 2007 to the present.  Order [Doc. # 19, filed 7/18/2007].  Plaintiff was warned that a failure to comply with that Order would result in the dismissal of his Complaint and the action.  In addition, the July 18 Order stated:

> It is not acceptable for plaintiff to meet his monthly obligations only when specifically called on by the Court through an order to pay or show cause.  Such a procedure unreasonably burdens the Court.  Consequently, hereafter I will require plaintiff, on the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

Id. at p.2.

Notwithstanding that Order and warning, plaintiff has not made any payments, nor has he submitted any certified inmate account statements showing that he has no assets and no means by which to make the required monthly payments.

On August 21, 2007, plaintiff filed a Petition to Show Cause Pursuant to Order of July 18, 2007 [Doc. #26], which states in part:

> June 07, The account began at – $28.75, after a $50 money transfer the plaintiff ended up with $11.52 and did buy hygene [sic] and a few other items and forgot to ask for a money order to pay the court and is sorry.

By plaintiff's own admission, his account had a positive balance of more than $10.00 in June 2007, with at least one source of income deposited into his account, but he did not make a payment towards his filing fee or demonstrate good cause for his nonpayment.  Section 1915(b)(2), 28 U.S.C., requires that a prisoner shall "make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," each time the amount in the account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before he engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 200 WL 33193816, at *1 (D. Colo. December 19, 2000).

Plaintiff also filed a Motion to Show Cause of Non-Payment on September 4, 2007 [Doc. #38], in which a non-certified inmate account statement was attached.

On October 1, 2007, plaintiff filed another Motion to Show Cause of Non-Payment [Doc. #42], again attaching a non-certified inmate account statement.

Plaintiff has offered no credible explanation why, since April 2007, he has failed to make payments towards his filing fee or show cause in the appropriate manner why he cannot pay. Plaintiff therefore has not complied with the Court's Order issued on July 18, 2007.

## DISCUSSION

In Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit Court of Appeals enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Id. at 921.

1. Prejudice to the Defendant

From a review of his case file, I find that plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account has not delayed the progress of his case toward resolution. I note, however, that the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation. Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous cases. Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

In addition, as the circuit court explained in Cosby v. Meadors, 351 F.3d 1324, 1326-27 (10th Cir. 2003):

> The issue here is not money per se. The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court. In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.
>
> * * *
>
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

(Internal quotations and citations omitted).

### 2. Interference With the Judicial Process

The plaintiff has failed to comply with this Court's Order to Show Cause issued July 18, 2007. Plaintiff's persistent failure to follow the Court's Order with respect to his obligation to pay the filing fee, necessitating continual review of his file and issuance of

orders regarding the filing fee, increases the workload of the Court and interferes with the administration of justice.

### 3.  Culpability of the Plaintiff

Plaintiff has without any reasonable excuse ignored the order to make payments towards the filing fee or to show cause why he cannot.  <u>See</u> Order [Doc. #2].  Plaintiff was ordered thereafter to show cause why his case should not be dismissed for the failure to make payments or to show cause why he could not.  Order [Doc. #19]. Plaintiff failed to comply with both Orders.  From this I conclude that plaintiff alone is responsible for his noncompliance.

### 4. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff was warned that he risked dismissal of his case if he continued to fail to make payments towards the filing fee or to show cause why he could not.  Order [Doc. #19] at p..3.  Despite that warning, plaintiff failed to make any adequate showing excusing his failures to comply with this Court's orders to make his monthly payments or show cause why he could not.

### 5.  Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective.  The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective.  Because the injury from plaintiff's failures to comply principally is to the judicial system, and not to defendants, a sanction limiting evidence would bear no substantial relation to the misconduct.  Under these circumstances, no lesser sanction would be effective and dismissal without prejudice is an appropriate sanction.

## CONCLUSION

IT IS ORDERED that the plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full or to show cause each month that he has no assets with which to make the monthly payment.

The Clerk of the Court is directed to enter judgment in favor of the defendants and against the plaintiff.

DATED October 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge